IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jamie Smith Bayne,<br><br>            Plaintiff,<br>vs.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br>            Defendant. | Civil Action No. 5:19-cv-1586-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed August 19, 2020, recommends the decision of the Commissioner be affirmed. ECF No. 15. On September 2, 2020, Plaintiff filed objections to the Report. ECF No. 17. On September 16, 2020, the Commissioner filed a response to Plaintiff's objections. ECF No. 18. For the reasons stated below, the court adopts the Report and affirms the Commissioner.

## Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for DIB on July 20, 2015, alleging disability as of November 20, 2013 (amended alleged onset date) due to anxiety, panic attacks, depression, and chronic fatigue syndrome. R[2]. at 269. Plaintiff's application was denied initially and upon reconsideration. On April 12, 2018, a hearing was held before an Administrative Law Judge ("ALJ"), who denied Plaintiff's claim on August 1, 2018. Plaintiff requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action June 3, 2019. ECF No. 1.

## Discussion

The Magistrate Judge recommends the court affirm the Commissioner's decision as supported by substantial evidence. ECF No. 15. Plaintiff objects to the Report, arguing the ALJ failed to properly evaluate the opinion evidence provided by Dr. Stephens, Plaintiff's treating

---

[2] Citations to the Record are denoted by "R."

3

psychiatrist. ECF No. 17. The Commissioner replied, arguing Plaintiff's objections should be denied because they repeat "the identical arguments she made in her initial briefs," and because Plaintiff "does not identify any credible legal errors" in the Report. ECF No. 18 at 2-3.

### 1) *Opinion Evidence*

Plaintiff objects to the ALJ's evaluation of the opinion evidence provided by her treating psychiatrist, Dr. Stephens. ECF No. 17. She argues the ALJ gave the opinion "limited weight," essentially rejecting it; was required but failed to consider opinions reserved to the Commissioner; was unclear when considering her mental impairments; and incorrectly found Dr. Stephens incredible. She further contends the ALJ's finding Dr. Stephens did not refer Plaintiff for more aggressive treatment options, which would be expected "for limitations of the degree assessed," was not harmless error; nor was it harmless error that the ALJ failed to weigh Dr. Stephens' 2015 opinion. Therefore, Plaintiff argues, the case should be remanded.

As noted by the Commissioner, the Magistrate Judge considered these same arguments and found each unavailing. The Report found the ALJ did not "reject" the opinions of Dr. Stephens but assigned them "limited weight," and noted opinions on issues reserved for the Commissioner (such as disability) are not "medical opinions" and thus not entitled to any special significance. ECF No. 15 at 17. Next, the Report concluded there was no inconsistency between the ALJ's Step Two finding of severe impairments and her consideration of Dr. Stephen's reports and opinions. Regarding the lack of referral for more aggressive treatment, the Report recognized the ALJ is not "qualified to better determine a reasonable course of treatment" for Plaintiff. However, to the extent this statement was error, the Report found it harmless because the ALJ gave other reasons

4

for giving Dr. Stephens' opinions limited weight. *Id.* at 18-19. Finally, the Report acknowledges the ALJ's discussion of Dr. Stephens' opinions does not include an analysis of his 2015 certification, but concludes this is harmless error because it does not differ from the more recent opinions. The Report concludes the ALJ reviewed the record and provided a reasoned analysis of the weight of Dr. Stephens' opinions, as required by the regulations. Therefore, it found, the ALJ's decision is supported by substantial evidence. *Id.* at 20.

The court agrees with the Magistrate Judge and finds Plaintiff's objections unavailing. The ALJ was clear she considered and weighed Dr. Stephens's opinions as Plaintiff's treating physician, but gave them limited weight because she found them inconsistent with the totality of the evidence as well as Dr. Stephens' own "short" treatment notes. R. at 24. This is consistent with the requirements in the Social Security Regulations, which require the Commissioner to consider certain factors in declining to give a treating physician's opinion controlling weight and determining what weight to give, including the examining relationship, the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency of the opinion with the record, specialization, and other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6). As recognized, opinions on the ultimate issue of disability are reserved for the Commissioner. *See, e.g.*, *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *Morgan v. Barnhart*, 142 F. App'x. 716, 722-23 (4th Cir. 2005); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also* SSR 96-5p, 1996 WL 374183, at *2 ("However, treating source opinions on

issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."). Nevertheless, a treating physician's opinion on an issue reserved to the Commissioner "must never be ignored." SSR 96-5p, 1996 WL 374183, at *3. Here, it is clear the ALJ considered the opinion, as is required, and discounted it for reasons based on evaluation of factors required by the regulations.

Plaintiff argued in her brief the ALJ implied her mental impairments were mild at best. The Report, however, stated the ALJ did not imply the impairments were mild but cited to record evidence in which *Dr. Stephens* implied they were mild. Nevertheless, the court does not find the ALJ determined the impairments were mild. Instead, the ALJ merely noted "[m]ental status examinations conducted at Dr. Stephens's treatment sessions have consistently revealed benign findings with the claimant exhibiting a cooperative attitude, intact memory and cognition, fair judgment and insight, and full orientation." R. at 24. The court declines to find an implication of a "mild" impairment from the ALJ's statements regarding Dr. Stephens, and therefore finds no conflict with the determination of severe impairments at Step Two.

The court agrees the ALJ may not substitute her own medical judgment about more aggressive treatment for Plaintiff's treating psychiatrist's determined course of treatment. However, as noted by the Magistrate Judge, this was not the only reason the ALJ gave for assigning Dr. Stephens' opinions limited weight. The ALJ reasoned the opinions were inconsistent with the totality of the evidence and his own "short treatment notes" when he saw Plaintiff for medication

6

management every 6-8 weeks. R. at 24.[3] The ALJ summarized consistently benign findings in the treatment notes and explained Dr. Stephens does not provide counseling or therapy, instead appearing to focus his opinions on Plaintiff's self-reports. *Id.* Although Plaintiff argues these grounds for assigning limited weight are flawed, the court disagrees and finds them valid reasons to discount the opinions. *See* 20 C.F.R. § 404.1527(c)(2)-(6) (including the nature and extent of treatment relationship, supportability, and consistency of the opinion with the record as factors to be considered in weighing treating physician opinions). Therefore, the court agrees with the Report the ALJ's error regarding more aggressive treatment is harmless.

Finally, Plaintiff argues the ALJ failed to weigh Dr. Stephens' 2015 opinion, which appears by way of a "Physician's Certification" for a medical disability discharge of a loan but is not included in the medical records. This Certification listed Plaintiff's diagnoses as anxiety, depression, and chronic fatigue, and noted she was unable to sustain daily activities but her residual functionality was "unknown at this time." R. at 225. Dr. Stephens assessed a Global Assessment Function ("GAF") Score of 50. *Id.* The Magistrate Judge reasoned the 2015 Certification was consistent with the 2016 and 2017 opinions, but Plaintiff argues this GAF makes this opinion different from the others as it contains information not already considered by the ALJ in her decision. The court agrees the substance of the 2015 opinion is consistent with the 2016 and 2017

---

[3] These notes typically include subjective reports from Plaintiff; objective findings regarding affect, speech, behavior, and cognition in the appointment; the physician's assessment including diagnoses, current functioning, and response to medications; and the plan for future treatment (e.g. "continue current regimen, monitor for worsening, follow up"). *See, e.g.*, R. at 497-529; 571-587.

opinions regarding Plaintiff's diagnoses and limitations. A GAF score is not present in these other opinions and does not appear in Dr. Stephens' treatment notes; however, there is no explanation of what this score represents, why Dr. Stephens assigned this score, or how it impacts Plaintiff's ability to work. *See* 20 C.F.R. § 404.1527(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgment about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). Further, this certification was rendered in the context of a discharge for federal student loans, not a disability determination under the Social Security standards.

The court finds substantial evidence supports the ALJ's finding that Plaintiff is not disabled, and will not disturb this conclusion. Plaintiff's objections are therefore overruled.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

> s/Cameron McGowan Currie
> CAMERON MCGOWAN CURRIE
> Senior United States District Judge

Columbia, South Carolina
October 26, 2020